

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00412-CV

———————————————

CHRISTOPHER RAMSEY, NATASHA RANDOLPH, KYNDEE VENABLE, AND
AUBREY VENABLE, Appellants

V.

CRICKETT MILLER, PAT DEEN, GEORGE CONLEY, CRAIG PEACOCK,
LARRY WALDEN, AND STEVE DUGAN, Appellees

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV22-0923

Concurring Memorandum Opinion by Justice Walker

**CONCURRING MEMORANDUM OPINION**

The majority opinion in this case aptly holds that Appellants lacked legal standing to bring their respective suit pertaining to voting integrity. In doing so, the opinion explains that "[o]rdinarily, a citizen lacks standing to bring a lawsuit challenging the lawfulness of governmental acts." *See* Maj. Op. at 6 (citing *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001)). The majority opinion takes a step further and explains that "[t]his is because '[g]overnments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review.'" Maj. Op. at 6 (citing *Andrade v. Venable*, 372 S.W.3d 134, 136–37 (Tex. 2012) (quoting *Bland ISD v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000))).

I concur only to discuss this policy with a little more detail. Although I, and some of my colleagues, have legitimate concerns about the integrity and efficacy of voting machine use in our political elections, this court cannot grant Appellants something that the law does not allow. It is important to point out that we are not citizens in a pure democracy. *See Democracy*, Black's Law Dictionary (11th ed. 2019) (defining direct or pure "democracy" as one "in which the people directly make policy and law decisions"). Instead, the United States is a republic. *See Republic*, Black's Law Dictionary (11th ed. 2019) (defining "republic" as a "system of government in which the people hold sovereign power and elect representatives who exercise that power"). Unlike pure democracies, such as those in Ancient Greece, where every dictate of the

2

government was ratified by the majority of the citizenry, a republican form of government is one in which representatives, chosen by the people, decide the majority of governmental policies. *See id.* Why do we have a republic in the United States? In large part because pure democracies are wholly inefficient. If the people are allowed to congregate, convene, and formally complain any time the government needs to change a policy in a state with a large polity, government becomes slow, inefficient, and cumbersome. *See Andrade v. Venable*, 372 S.W.3d 134, 136–37 (Tex. 2012); *see also* THE FEDERALIST NO. 10 (James Madison) (highlighting various advantages of republican governance over pure democracy). Essentially, a state that allows the citizenry to sue any time the citizenry does not like what the government is or is not doing is a government that is tantamount to a pure democracy and is one in which gridlock often ensues.

As it is sometimes said, elections have consequences. Those consequences typically manifest in the policies created by those in power. Although Appellants cannot sue the government because they do not like the policies created by their elections administrators, they do have recourse at the ballot box. *See Luther v. Borden*, 48 U.S. 1, 55 (1849) ("If it be asked what redress have the people, if wronged in these matters, unless by resorting to the judiciary, the answer is, they have the same as in all other political matters. In those, they go to the ballot-boxes, to the legislature or executive, for the redress of such grievances as are within the jurisdiction of each . . . ."). And no matter how much I, or my colleagues, may sympathize with

3

Appellants, we cannot, as jurists, legislate legal standing into existence for them. Accordingly, I respectfully concur.

/s/ Brian Walker

Brian Walker
Justice

Delivered: May 25, 2023